# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RICKY LEE MENNEN, Defendant. | No. CR04-1014-LRR  ORDER |

This matter appears before the court on the defendant's motion for credit regarding completion of treatment program (docket no. 39). The defendant filed such motion on March 29, 2010. In the instant motion, the defendant contends that, although he participated in the 500 hour drug treatment program, the Federal Bureau of Prisons decided not to reduce the time that he must remain in custody. The defendant did not rely on or cite to a specific statute or rule. The government did not file a resistance, and the court did not order it to do so.

Presumably, the defendant dislikes the manner in which the Federal Bureau of Prisons applied 18 U.S.C. § 3621(e)(2), which addresses the incentives that may be available when a prisoner successfully completes a treatment program. The decision to grant a reduction under 18 U.S.C. § 3621(e)(2)(B) falls with the discretion of the Federal Bureau of Prisons. *See Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714, 148 l. Ed. 2d 635 (2001) (making clear that, when an eligible prisoner successfully completes drug treatment, the Federal Bureau of Prisons has the authority, but not the duty, to alter such prisoner's conditions of confinement and to reduce his or her term of imprisonment); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) (noting that 18 U.S.C. § 3621(e)(2)(B) is discretionary); *Love v. Tippy*, 133 F.3d 1066, 1069 (8th Cir. 1998) (same); *see also* 28 C.F.R. § 550.53-55 (permitting the Federal Bureau of Prisons to deny

a reduction to a defendant's term of imprisonment). Prisoners are entitled to administrative review of an issue which relates to any aspect of their confinement, 28 C.F.R. §§ 542.10-542.19, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *See, e.g., Zacher*, 202 F.3d at 1041 (addressing petition under 28 U.S.C. § 2241); *Love*, 133 F.3d at 1069 (same); *cf. United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (outlining the proper avenues through which a defendant may resolve disputes which relate to their confinement and seek judicial review).

Here, the court does not have the authority to reduce the defendant's sentence under 18 U.S.C. § 3621(e)(2)(B). Moreover, the defendant makes no assertion regarding the administrative remedies that he pursued, and, rather than file a habeas corpus petition under 28 U.S.C. § 2241, the defendant elected to file the instant motion in his underlying criminal case. Accordingly, the defendant's motion for credit regarding completion of treatment program (docket no. 39) is denied.

**IT IS SO ORDERED**.

**DATED** this 15th day of April, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA